## Matter of Tanghow

2025 NY Slip Op 30691(U)

February 24, 2025

Surrogate's Court, New York County

Docket Number: Index No. 2020-1790

Judge: Hilary Gingold

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

New York County Surrogate's Court
DATA ENTRY DEPT.
FEB 2 4 2025

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------x

Probate Proceeding,
Will of

          JUNE TANGHOW,

                Deceased.

-------------------------------------------------------------------------x

DECISION & ORDER

File No.  2020-1790
               2020-1790/B

In connection with two motions brought by Teri Macheroux seeking, inter alia, to vacate the probate decree issued in the estate of June Tanghow and for injunctive relief, this court held a hearing on February 10, 2025 (Hearing), to determine whether Alexander Berger, as a retired attorney, should be permitted to represent Ms. Macheroux without compensation in these contested applications (*see* 22 NYCRR 118.1[g]).

The following is a summary of the facts leading up to the Hearing:

June Tanghow died in 2020, and her will, dated June 8, 2016 (Will), was offered for probate by Sayeeda Dayal, decedent's sister-in-law and the nominated executor in the Will. Ms. Macheroux, decedent's daughter and the sole beneficiary of the Will, filed objections to Ms. Dayal's petition, objecting solely to her appointment as executor and cross-petitioned seeking to be appointed executor. By decision dated June 11, 2024, the court granted Ms. Dayal's summary judgment motion, dismissed Ms. Macheroux's objections and cross-petition, and admitted the will to probate.[1] The probate decree issued on August 6, 2024.[2]

On November 15, 2024, Mr. Berger submitted a notice of motion and supporting documents to the court [3] seeking an order granting the following relief: (1) to vacate the probate

---

[1] Matter of Tanghow, 2024 NY Slip Op 32022(U) [Sur Ct, NY County 2024].
[2] On July 2, 2024, Ms. Macheroux's attorney of record, Joseph S. Hubicki, filed a notice of appeal of this court's June 4, 2024, decision. To date, it appears to be unperfected.
[3] Mr. Berger had previously submitted a proposed order to show cause on August 21, 2024, seeking: (1) injunctive relief, (2) to revoke letters testamentary (3) to vacate the probate decree, (4) to disqualify opposing counsel. The

[* 1]

decree and revoke Ms. Dayal's letters testamentary for misconduct, (2) awarding restitution for misrepresentations, (3) in the alternative, staying eviction proceedings brought by Ms. Dayal [pending in Housing Court in New York County and Kings County], and enjoining her from selling the decedent's four cooperative apartments and compelling an accounting, and (4) "if necessary," granting leave to renew and reargue the June 11, 2024 decision. That motion, originally on the court's November 22, 2024 calendar, was adjourned by the court to February 11, 2025, upon request of opposing counsel,[4]

Mr. Berger then submitted a proposed order to show cause seeking temporary injunctive relief, to restrain Ms. Dayal, as executor, from selling or encumbering any part of the residuary estate, in particular, the four cooperative apartments, and from terminating leases and continuing or initiating proceedings to evict tenants of the apartments. The court issued the order to show cause on December 12, 2024 and placed the motion on a special calendar for January 8, 2025. Ms. Dayal, in turn, brought a cross-motion seeking sanctions.

On January 8, 2025, the court held a conference with the litigants, prior to oral argument on the two motions. It was at this time that Mr. Berger first disclosed to the court that he was a retired attorney and that he was representing Ms. Macheroux pro bono (despite not having filed a notice of appearance which is required by SCPA 401[2]). He represented that he was an attorney in good standing in New York and registered with the Office of Court Administration (OCA). He believed he was permitted to represent Ms. Macheroux pro bono pursuant to 22 NYCRR 118.1 (g). At the conclusion of the conference, the court adjourned all three motions to February 28, 2025, to consider Mr. Berger's status as a retired attorney.

court denied such proposed order, noting that any relief should be sought by application on a regular calendar and noting that some of the requested relief could not be sought in a proceeding that had concluded by decree.
[4] The court's last calendar in 2024 was November 22, 2024, and its first calendar in 2025 was February 4, 2025.

2

A hearing was held on February 10, 2025, for the purpose of inquiring into Mr. Berger's status and qualification as a retired attorney. At the hearing the following information was obtained.

OCA's database reflects that Mr. Berger is currently registered as a retired attorney. His registration fees have been waived since March 9, 2004. Mr. Berger's requirement to obtain continuing legal education credits (CLE) had also been waived starting with the 2010-2011 biennial reporting period to present. Mr. Berger self-reported only having taken 12 hours of CLE in the 2000-2001 reporting period and further, with no waiver or reporting of any CLE credits for the period 2001 through 2010. The database reflects that he is enrolled in an Emeritus Program, a question asked of applicants on the registration statement. Mr. Berger obtained his license to practice law in New York in 1990. He has had a license for 35 years, but according to his own admission along with his reporting, has been retired from the practice of law for at least 25 of those years. The court also notes that Mr. Berger was vague about his work experience when he was a registered and practicing attorney, referring to his experience as that of having been a court attorney prior to 2000. In any event, it is clear that Mr. Berger has never represented any client in a contested litigation matter in any court, much less Surrogate's Court.

Without producing any evidence in support thereof, Mr. Berger told the court that he had taken CLE courses in the past twenty-five years, but failed to identify any particulars about how many credits he had obtained or in what subject matter. He stated that he had not registered this information with OCA on his registration statements. In addition, when asked whether he was in an Emeritus Program, as indicated on his OCA registration statement, Mr. Berger informed the court that although he changed his registration status and had intended to volunteer for such program, he had not and has not ever affiliated himself with any official program that might

3

[* 3]

provide him with any guidance or reference in handling litigation in this court or any other court, for that matter. Mr. Berger told the court that he is a retired attorney in good standing, has no grievances or complaints pending against him, and is representing Ms. Macheroux without compensation. He stated that he had informed Ms. Macheroux of his status as a retired attorney prior to his actions in these applications. Mr. Berger did not indicate his past legal history other than to report that he had been a court attorney and had worked on many motions to reargue. When the court inquired into his knowledge of Surrogate's Court practice, he stated that he had no experience in litigated matters in this court and had virtually no experience in representing any client in any Surrogate's Court. He also reported that he does not carry malpractice insurance.

Part 22 of the New York State Trial Court Rules (22 NYCRR 118.1 [g]) (Rule) governs the registration of attorneys in this State. The Rule states in pertinent part:

> For purposes of this section, the practice of law shall mean the giving of legal advice or counsel to, or providing legal representation for, a particular body or individual in a particular situation in either the public or private sector in the State if New York or elsewhere; it shall include the appearance as an attorney before any court or administrative agency. An attorney is retired from the practice of law when, other than the performance of legal services without compensation, he or she does not practice law in any respect and does not intend ever to engage in acts that constitute the practice of law (22NYCRR 118.1[g]).

The legislative history of the Rule, scant caselaw and a few bar association opinions on the topic of retired attorneys fail to provide guidance on the issue at hand – whether an attorney who registers with OCA as a retired attorney who no longer engages in the practice of law, receives a waiver of registration fees and CLE reporting, and, further, is not operating under the supervision and/or guidance of an Emeritus Program as intended by the court system, may represent a client without compensation in a complex contested litigation action or proceeding.

4

Whether the "practice of law" is equivalent to the "performance of legal services without compensation" is at the crux of this issue. The term "practice of law" is defined in the statute and encompasses all forms of legal representation, including appearing before a court. The term "performance of legal services" is not so defined. The court finds from a plain reading of the statute that "performance of legal services without compensation" does not encompass all types of legal representation that would be included in the "practice of law," as defined by statute.

Allowing a retired attorney, who by his own admission, has virtually no knowledge of the areas of law in question to represent a client in complex litigation is beyond the pale. It would obviate the necessity for requiring attorneys to have some bare knowledge of the law and the procedure by which to seek relief, regardless of whether the client is paying or not. To permit this would be, at a minimum, a disservice to the client and disruptive to the other litigant in the proceeding, as well as ultimately to the court. It has and continues to add unnecessary legal expenses, which, in this case, are borne solely by Ms. Macheroux, as the ultimate residuary estate beneficiary. A retired attorney without any subject matter experience in the issues being litigated, without regular continuing legal education, and without attorney supervision offered through an Emeritus Program, or malpractice insurance, should not be permitted to appear for a client in complex contested actions or proceedings.

The disputes in the administration of this estate, divulged during past court conferences, concern issues of law in trusts and estate matters, landlord-tenant proceedings and co-op/condo law. The parties have been engaged in litigation since decedent's death in 2020 and Ms. Macheroux had been represented by two prior attorneys. The court takes notice that Mr. Berger's actions in these most recent applications reflect that he has minimal understanding of the governing statutes, the SCPA and EPTL, and how those statutes intersect with the CPLR. The court notes that a significant portion of the relief sought in the motions submitted by him on behalf of Ms.

5

Macheroux seeks relief that is not available in a closed proceeding (*see* CPLR 5015) or require this court's exercise of appellate review over a so-ordered stipulation of settlement entered in Housing Court. The court finds, pursuant to 22 NYCRR 118.1(g), and on these particular facts, that Mr. Berger, as a retired attorney, may not represent Ms. Macheroux in the motions now on the court's upcoming calendar and/or in any future proceedings or motions in this court in connection with the estate of June Tanghow. In order to permit Ms. Macheroux time to retain new counsel the court will adjourn the upcoming motions on this court's February 28, 2025 calendar to the April 4, 2025 calendar.

Dated: February 24, 2025

_____
SURROGATE

To:

Jason W. Stern, Esq.
For Sayyeeda Dayal, Executor
J1stern@aol.com

Sayyeeda Dayal, Executor
SoDayal@gmail.com

Alexander C. Berger, Esq.
lxbrgr@gmail.com

Terri-Ann Macheroux, Movant/Beneficiary
tmacheroux@me.com

6